IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE PROFESSIONAL INSURANCE COMPANY, RISK RETENTION GROUP; SOVEREIGN RISK PURCHASING GROUP, LLC, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No. 13-1653-SLR |
| | ) | |
| JOHN HAJJAR, | ) | |
| | ) | |
| Defendant. | ) | |

John A. Elzufon, Esquire of Elzufon Austin Tarlov & Mondell, P.A., Wilmington, Delaware.  Counsel for Plaintiff.

David P. Primack, Esquire of McElroy, Deutsch, Mulvaney & Carpenter, LLP, Wilmington, Delaware.  Counsel for Defendant.

## MEMORANDUM OPINION

Dated: July 11, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On October 4, 2013, plaintiff Delaware Professional Insurance Company, Risk
Retention Group ("DelPro") and plaintiff Sovereign Risk Purchasing Group, LLC,
formerly New Jersey Professional Risk Purchasing Group, LLC ("Sovereign"),
(collectively with DelPro, "plaintiffs") filed a complaint against defendant Dr. John Hajjar
("Hajjar") seeking damages for claims of breach of fiduciary duty, breach of the duty of
loyalty, breach of the duty of good faith and tortious interference with an advantageous
business relation. (D.I. 1) Presently before the court are Hajjar's motions to dismiss for
lack of personal jurisdiction and for improper venue, or in the alternative, to stay or
transfer venue pursuant to 28 U.S.C. § 1404. (D.I. 6)

## II. BACKGROUND

DelPro was incorporated in Delaware as a captive insurance company and
reorganized under Delaware law as a risk retention group with its principal place of
business in Delaware. (D.I. 1 at ¶¶ 4, 9) Sovereign is a Delaware limited liability
company with its principal place of business in Delaware. (*Id.* at ¶¶ 5, 9) Sovereign is
a risk purchasing group that allows physicians in the State of New Jersey (and
elsewhere) to purchase medical malpractice insurance through DelPro. (*Id.* at ¶ 5)
Hajjar is a citizen of the State of New Jersey and the CEO of Surgem, LLC, which
manages surgical centers in multiple states, including New Jersey. (*Id.* at ¶ 6)

In 2008, Hajjar negotiated an investment in DelPro. (*Id.* at ¶ 12) DelPro, which
historically confined its insurance program to Delaware physicians, aspired to expand

into the New Jersey market, and Hajjar represented that he could provide DelPro with a New Jersey client base. (*Id.* at ¶¶ 11-13) The parties formalized their agreement with a term sheet on July 22, 2008, and it was agreed that Sovereign would administer the New Jersey program. (*Id.* at ¶¶ 13-14) On July 29, 2008, Management Advisory Service, LLC ("MMB"), a company owned and controlled by Hajjar, issued a check to DelPro for $981,603.47, the amount called for in the term sheet. (*Id.* at ¶ 15) Consequently, Hajjar was elected to the board of directors ("the board") of both DelPro and Sovereign and served as a director from July 2008 to November 2010. (*Id.* at ¶¶ 6, 15)

Expansion into the New Jersey market proved more difficult than anticipated, and the parties' relationship deteriorated. (*Id.* at ¶¶ 18-19) Subsequently, in November 2010, Hajjar was not re-elected to the board of DelPro or Sovereign. (*Id.* at ¶ 23) On October 4, 2013, plaintiffs filed the action at bar. (D.I. 1) However, this action was filed nearly six months after Hajjar, as plaintiff, filed two separate complaints against DelPro, Sovereign, and related parties in the Superior Court of New Jersey.

Hajjar filed the first complaint ("the first New Jersey complaint") on April 16, 2013 against DelPro and Sovereign as well as Delaware Physicians Purchasing Group, Inc. ("DPPG"), David Gordon & Associates ("DGA"), and David Gordon ("Gordon") (collectively, "the first New Jersey complaint defendants").[1] (D.I. 7, ex. C) The first New Jersey complaint includes claims for legal fraud, equitable fraud, fraudulent inducement,

---

[1]DPPG is a risk purchasing group which arranges for the purchase of medical malpractice liability insurance, DGA provides management services to captive insurance companies and risk retention groups, and Gordon is the president of DGA and a member of the board of DelPro. (D.I. 7, ex. C)

fraudulent concealment, fraudulent misrepresentation, unjust enrichment, constructive trust, injunctive relief, breach of contract, breach of implied covenant of good faith and fair dealing, negligent misrepresentation, promissory estoppel, accounting, breach of fiduciary duty of care and breach of fiduciary duty of loyalty. *Id.* Hajjar alleges that all of these claims relate to his involvement as a director of DelPro and MMB's initial investment of $981,603.47 in DelPro. *Id.*

On August 19, 2013, the first New Jersey complaint defendants removed that action to the United States District Court for the District of New Jersey based on diversity of citizenship. (D.I. 7 at 5; D.I. 9 at 8) On September 13, 2013, Hajjar filed a motion to remand the first New Jersey complaint to the Superior Court of New Jersey. (D.I. 7, ex. B) The motion was denied. *Hajjar v. Delaware Prof'l Ins. Co.*, Civ. No. 13-4988, D.I. 35 (D.N.J. March 6, 2014).

Hajjar, along with several entities that are owned, controlled, and/or affiliated with Hajjar, filed a second complaint ("the second New Jersey complaint") on the same date as the first New Jersey complaint against DGA and Gordon seeking damages for breach of contract, breach of covenant of good faith and fair dealing, breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation and consumer fraud. (D.I. 7, ex. A) The claims against DGA and Gordon in the second New Jersey complaint relate to the alleged false representations made by Gordon concerning insurance coverage and MMB's initial investment in DelPro. *Id.*

## III. STANDARDS OF REVIEW

3

### A. Personal Jurisdiction

Rule 12(b)(2) directs the court to dismiss a case when the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor. *Traynor v. Liu*, 495 F. Supp. 2d 444, 448 (D. Del. 2007). Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984).

To establish personal jurisdiction, a plaintiff must produce facts sufficient to satisfy two requirements by a preponderance of the evidence, one statutory and one constitutional. *See id.* at 66; *Reach & Assocs. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003). With respect to the statutory requirement, the court must determine whether there is a statutory basis for jurisdiction under the forum state's long-arm statute. *See Reach & Assocs.*, 269 F. Supp. 2d at 502. The constitutional basis requires the court to determine whether the exercise of jurisdiction comports with the defendant's right to due process. *See id.*; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Pursuant to the relevant portions of Delaware's long-arm statute, 10 Del. C. §

3104(c)(1)-(4), a court may exercise personal jurisdiction over a defendant when the

defendant or its agent:

> (1) Transacts any business or performs any character of
> work or service **in** the State;
> (2) Contracts to supply services or things **in** this State;
> (3) Causes tortious injury in the State by an act or omission
> **in** this State;
> (4) Causes tortious injury in the State or outside of the State
> by an act or omission outside the State if the person
> regularly does or solicits business, engages in any other
> persistent course of conduct **in** the State or derives
> substantial revenue from services, or things used or
> consumed **in** the State;

10 Del. C. § 3104(c)(1)-(4).  With the exception of (c)(4), the long-arm statute requires a

showing of specific jurisdiction. *See Shoemaker v. McConnell*, 556 F. Supp. 2d 351,

354, 355 (D. Del. 2008).  Subsection (4) confers general jurisdiction, which requires a

greater number of contacts, but allows the exercise of personal jurisdiction even when

the claim is unrelated to the forum contacts. *See Applied Biosystems, Inc. v. Cruachem,*

*Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991).

If defendant is found to be within the reach of the long-arm statute, the court then

must analyze whether the exercise of personal jurisdiction comports with due process,

to wit, whether plaintiff has demonstrated that defendant "purposefully avail[ed] [himself]

of the privilege of conducting activities **within the forum State**," so that he should

"reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v.*

*Woodson*, 444 U.S. 286, 297 (1980) (citations omitted) (emphasis added).  For the court

5

to exercise specific personal jurisdiction consistent with due process, a plaintiff's cause

of action must have arisen from the defendant's activities in the forum State. *See*

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). For the court to exercise

general personal jurisdiction consistent with due process, a plaintiff's cause of action

can be unrelated to defendant's activities in the forum State, so long as defendant has

"continuous and systematic contacts with the forum state." *Applied Biosystems, Inc. v.*

*Cruachem, Ltd.*, 772 F. Supp. 1458, 1470 (D. Del. 1991).

## B. Venue

Title 28 of the United States Code § 1391 governs venue of all civil actions

brought in United States district courts and provides that a civil action may be brought

in:

> (1) a judicial district in which any defendant resides, if all
> defendants are residents of the State in which the district is
> located;
> (2) a judicial district in which a substantial part of the events
> or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is
> situated; or
> (3) if there is no district in which an action may otherwise be
> brought as provided in this section, any judicial district in
> which any defendant is subject to the court's personal
> jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Title 28 of the United States Code § 1406 applies when venue is

improper under § 1391 and provides that the district court "shall dismiss, or if it be in the

interest of justice, transfer such case to any district or division in which it could have

been brought." 28 U.S.C. § 1406(a).

6

## IV. DISCUSSION

### A. Personal Jurisdiction

Plaintiffs allege that Hajjar's contacts with Delaware are sufficient for the court to exert personal jurisdiction over him. Plaintiffs are first tasked with demonstrating "a statutory basis for exercising jurisdiction under the Delaware long-arm statute." *Reach & Assocs.*, 269 F. Supp. 2d at 502. The court may exercise personal jurisdiction over nonresident directors of Delaware corporations for suits involving a breach of fiduciary duty under 10 Del. C. § 3114. *See Corporate Employment Res., Inc. v. Boone*, Civ. No. 11-408-SLR, 2011 WL 5335467 at *4 (D. Del. Nov. 4, 2011); *N. Amer. Catholic Educ. Programming Found. v. Gheewalla*, 2006 WL 2588971, at *7 (Del. Ch. Sept. 1, 2006), *aff'd*, 930 A.2d 92 (Del. 2007).

Plaintiffs allege that the claims in the action at bar all arise out of Hajjar's role as a nonresident director of DelPro and Sovereign, which are both Delaware corporations. (D.I. 1 at ¶ 8) In his role as a director, Hajjar attended board meetings in Delaware and owed DelPro and Sovereign fiduciary duties. (*Id.* at ¶¶ 8, 27) Plaintiffs' allegations are sufficient to demonstrate a statutory basis for personal jurisdiction over Hajjar.

The court's exercise of personal jurisdiction over Hajjar also comports with due process. As a director of two Delaware corporations, Hajjar purposefully availed himself of the privilege of conducting activities in Delaware so as to reasonably anticipate being haled into court here. *See World–Wide Volkswagen,* 444 U.S. at 297. The court has specific personal jurisdiction over Hajjar because plaintiffs' claims arise out of Hajjar's

7

activities as a director of DelPro and Sovereign.  Specifically, MMB's $981,603.47 investment in DelPro and Hajjar's election to plaintiffs' boards were based on an apparent understanding that Hajjar would develop plaintiffs' client base in New Jersey, and the plaintiffs' claims arise out of Hajjar allegedly thwarting plaintiffs' New Jersey expansion by actively encouraging clients to leave plaintiffs' New Jersey program.  (D.I. 1 at ¶¶ 15-20, 24)

## B. Venue

Although the court has personal jurisdiction over Hajjar, it must still decide whether the District of Delaware is an appropriate venue for the action at bar.  As Hajjar resides in New Jersey, not Delaware, venue in this district is improper under 28 U.S.C. § 1391(b)(1).  (D.I. 1 at ¶ 6; D.I. 7 at 11; D.I. 10 at 8)

The parties' failed business venture in New Jersey serves as the basis for the plaintiffs' claims against Hajjar, and the plaintiffs' decision to expand into the New Jersey market was undertaken solely because of Hajjars' business connections in New Jersey.  (D.I. 1 at ¶¶ 17-19)  Specifically, plaintiffs' claims against Hajjar stem from Hajjar allegedly diverting New Jersey clients away from DelPro and Sovereign's New Jersey program.  (*Id.* at ¶¶ 20, 24)  Plaintiffs' alleged damages are largely based on lost payments from New Jersey clients and past expenditures marketing and licensing in New Jersey.  (*Id.* at ¶ 25)  While Hajjar was a director of DelPro and Sovereign, Hajjar admits that he rarely attended board meetings in Delaware (D.I. 7 at 4), and these meetings alone are insufficient to establish proper venue under § 1391(b)(2).  *See*

8

*Brautigam v. Priest*, Civ. No. 99-365-SLR, 2000 WL 291534 at \*4 (D. Del. Mar. 2, 2000) (holding that venue in Delaware was improper under § 1391(b)(2) even though certain defendants were directors of a fund that allegedly had its principal place of business in Delaware). As a substantial part of the events or omissions giving rise to the claim did not occur in Delaware, venue in this district is also improper under § 1391(b)(2).

Since this action could have been brought in the District of New Jersey where, as indicated above, Hajjar resides and a substantial amount of the events giving rise to plaintiffs' complaint took place, venue is also inappropriate under § 1391(b)(3). Thus, venue is not proper in the District of Delaware.

Where venue is improper, the decision to transfer in the interests of justice pursuant to 28 U.S.C. § 1406 "lies within the broad discretion of the district court." *Keyter v. Bush*, Civ. No. 08-097-SLR, 2008 WL 3833428 at \*2 (D. Del. Aug. 15, 2008) (citing *Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). As discussed above, a substantial portion of the events giving rise to plaintiffs' complaint took place in New Jersey. Importantly, the parties have a pending suit before the United States District Court for the District of New Jersey, the first New Jersey complaint, where the claims in dispute in that action arise out of the same set of facts that serve as the basis for the action at bar. The court finds, therefore, that the interests of justice are satisfied by the transfer of the instant case to the United States District Court for the District of New Jersey.[2]

---

[2]Hajjar moves in the alternative to transfer this case to the District of New Jersey under 28 U.S.C. § 1404. (D.I. 7) As venue is improper in this district, § 1404 is not the

9

## V. CONCLUSION

For the reasons discussed above, Hajjar's motions to dismiss for lack of personal jurisdiction and for improper venue (D.I. 6) are denied, and the case is transferred to the United States District Court for the District of New Jersey. An appropriate order shall issue.

---

correct statute to be applied to the present situation. The court does find transfer to be appropriate and, therefore, exercises its power to *sua sponte* cure venue defects in the interest of justice by transferring this case under the federal transfer statute, 28 U.S.C. § 1406(a). *See Forest Labs, Inc. v. Cobalt Labs, Inc.*, Civ. No. 08–21, 2009 WL 605745, at *12 n. 9 (D.Del. Mar. 9, 2009) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir.2006) and *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 n. 9 (3d Cir.2002)).

10